**FILED**

VANESSA L ARMSTRONG, CLERK

Jun 16 2020

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                          CRIMINAL NO. 1:19CR-38-GNS

CHRISTOPHER BOWLING                                         DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by Russell M. Coleman, United States Attorney for the Western District of

Kentucky, and defendant, CHRISTOPHER BOWLING, and his attorney, Kyle ~~Bumgardner,~~ Bumgarner

have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with a violations of Title 26, United States Code, Sections 5841 , 586l(d), and 5871.  Defendant

further acknowledges that the Indictment in this case seeks forfeiture of all firearms and

ammunition involved in the commission of the offense pursuant to Title 18, United States Code,

Section 924(d), Title 26 United States Code, Section 5872, and Title 28, United States Code,

Section 2461(c), by reason of the offense charged in Count 1.

2.      Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because he is in fact guilty of the charge.  The parties agree to the following

factual basis for this plea:

On March 15, 2018, ATF conducted a knock and talk with Bowling at his residence in Allen County. Bowling provided verbal consent to search his gun safe and later signed a written consent to search. When the safe was opened, SA Cruce saw two silencers on two firearms. The search of safe revealed 3 machine guns, 1 short barrel rifle, 4 homemade silencers (two were attached to firearms and two were not) and non NFA Ruger with a silencer attached to it. Bowling admitted the guns were his and he possessed them.

Bowling illegally possessed the following without registering them in the National Firearms Registration and Transfer Record:

1.     M16-type firearms, 5.56 NATO caliber with no serial number or manufactures markings
2.     Anderson Manufacturing, model AM-15, 5.56 NATO caliber firearm, with a .22LR caliber conversion kit, serial number 17077682
3.     Romarm, model WASR-10, 7.62x39 caliber firearm, serial number A1-0982-13
4.     Anderson Manufacturing, model AM-15, .300 Blackout caliber firearm, serial number 16345221, with an overall length of 29.5 inches and a barrel of 10-5/8 inches.
5.     A silencer, no manufacturers marks or serial number
6.     A silencer, no manufacturers marks or serial number
7.     A silencer, no manufacturers marks or serial number
8.     A silencer, no manufacturers marks or serial number

All of the above listed items were required to be registered.

4.     Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit the firearms and ammunition associated with the offense.

5.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in

separate proceedings, Defendant understands that no one, including his attorney or the U.S. District

Court, can predict with certainty how his conviction may affect his immigration, naturalization, or

citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea

may lead to adverse immigration consequences, including denaturalization and possible automatic

removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is

imposed, the Sentencing Guidelines require a term of supervised release and that he will then be

subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set

forth below.  Defendant's attorney has explained those rights to him and the consequences of his

waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge[s] against

him, he has the right to a public and speedy trial.  The trial could either be a jury

trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury

would have to agree unanimously before it could return a verdict of either guilty

or not guilty.  The jury would be instructed that defendant is presumed innocent

and that it could not convict him unless, after hearing all the evidence, it was

persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be

required to present its witnesses and other evidence against defendant.  Defendant

would be able to confront those government witnesses and his attorney would be

able to cross-examine them.  In turn, defendant could present witnesses and other

evidence in his own behalf.  If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the Court.

       C.     At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

10.    At the time of sentencing, the United States will

      -recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

      -recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.

      -recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility.  Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

4

-agree to not seek enhancement of the sentence pursuant to 21 U.S.C. § 851. (Requires written U.S. Attorney approval.)

-demand forfeiture of all firearms and ammunition in the factual basis.

11.   Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.   The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| 2K2.1(a)(5) Base gun/silencer) | 18 (involved a firearm in 26 USC 5845(a)—machine |
| 2K2.1(b)(1)(A) | 4   (possession of 8 firearms) |
| Acceptance | -3 |
| Offense Level ` | 19 (Crim History I (30-37 months) |

B.   The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C.   The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12.   Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective

assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense[s] covered by this Agreement.

14.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

17.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

19.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.   Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

20.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been

7

or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____    Digitally signed by JOSHUA
                           JUDD
                           Date: 2020.06.14 20:52:07 -04'00'

Joshua Judd                                            _____
Assistant United States Attorney                       Date


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____                    6 - 16 - 20
Christopher Bowling                         _____
Defendant                                  Date


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____                    6 - 16 - 20
Kyle Bumgarner                             _____
Counsel for Defendant                      Date


RMC:JDJ

8