UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

*Electronically Filed*

CRIMINAL NO. 1:19-CR-000038-GNS

UNITED STATES OF AMERICA                                   PLAINTIFF

V.

CHRISTOPHER BOWLING                                     DEFENDANT

**DEFENDANT CHRISTOPHER BOWLING'S SENTENCING MEMORANDUM**

Defendant Christopher Bowling has pleaded guilty to possession of an unregistered firearm, which is a Class C felony that is eligible for probation. *See* 18 U.S.C. § 3561(a). According to the Presentence Report, Mr. Bowling's total offense level is a 19 and his criminal history category is I, yielding a recommended guideline sentence of 30 to 37 months. There are no objections to the Presentence Report or guideline calculation. However, a sentence within the guideline range would be an excessive punishment on the particular facts and circumstances of this case, which will be discussed to some degree in this memorandum and more fully at sentencing. Rather, Mr. Bowling respectfully requests that this Court sentence him to a term of probation.

    **A. The nature and circumstances of the offense.**

March 15, 2018 began—and nearly ended—like most days for Christopher Bowling. He put on his khaki pants and red Toyota shirt, traveled from his house in Scottsville to the Toyota dealership in Bowling Green where he put in a full day of work as a salesperson. When Mr. Bowling's work was done, he returned home to his wife and two young children. Mr. Bowling and his family had dinner. He and his wife were in the process of putting their children to bed,

when, at approximately 8:15 p.m., Mr. Bowling heard a knock at the door. He answered and found an ATF Special Agent standing on his front steps.

From 8:15 p.m. on March 15, 2018 to this very day, Mr. Bowling has been nothing but cooperative with and respectful to law enforcement. The Special Agent indicated to Mr. Bowling the ATF had received a complaint about him and asked whether he could come inside to talk. Mr. Bowling immediately invited the Special Agent inside his home. The Special Agent asked Mr. Bowling if he was in possession of a suppressor. Mr. Bowling readily admitted he was. The Special Agent asked to see inside Mr. Bowling's locked gun safe in the master bedroom. Mr. Bowling gave consent. Inside the safe, the Special Agent located each of the firearms that are the subject of this Indictment and this conviction.

Mr. Bowling freely admitted that each of the firearms was his. While under no obligation to do so, Mr. Bowling gave a lengthy statement to the Special Agent about the details of each of the firearms. He explained his hobbies of converting semi-automatic weapons into automatics and of owning silencers. That evening, he agreed to forfeit each of the firearms.

The ATF later verified that none of the firearms had been stolen. There are no indications that any of the firearms were involved in any other illegal activity. Nor is there any evidence to suggest that Mr. Bowling was doing anything beyond collecting these firearms.

Mr. Bowling, of course, had no obligation to allow the Special Agent into his home on the evening of March 15, 2018. Nor did he have an obligation to admit to criminal conduct or show the Special Agent inside his locked gun safe. Yet, knowing exactly what was locked inside his gun safe, Mr. Bowling made the admirable choice of being honest and forthright to the federal government. But for that, there is doubt as to whether Mr. Bowling would have ever been charged with this crime.

**B. History and characteristics of the Defendant.**

Mr. Bowling has otherwise lived a respectable, productive adult life within South Central Kentucky. He is 28 years old. He has no prior felony convictions. He has a young wife and two small children. Mr. Bowling's wife is a medical assistant at a local chiropractor's office. His oldest child is from a prior relationship. He has sole custody of that child and receives no support from the child's mother, which speaks volumes about the man and father that he chooses to be.

Mr. Bowling has worked at Toyota of Bowling Green since 2017 as a salesperson. Mr. Bowling has been as forthcoming with his employer as he has been with the federal government. His employer is aware of this Indictment and Mr. Bowling's guilty plea. And, if given the opportunity to succeed through probation, both Mr. Bowling and Toyota intend for Mr. Bowling to be right back on the car lot selling cars after he is granted the privilege of walking out of the courthouse.

Through this conviction, Mr. Bowling is losing the right and privilege to participate in his most favored hobby: collecting guns. He readily admits that his hobby of owning lawful, properly registered firearms grew out of control, and he gained the desire to possess more exotic firearms. He will no longer be able to possess even a simple pump-action shotgun.

**C. Promote respect for the law.**

Mr. Bowling has demonstrated that he has profound respect for law enforcement and the judicial system. He has been forthright since the Special Agent knocked on his front door to inquire about unlawful weapons. He was eager to admit his wrongdoing both to law enforcement and to this Court. No amount of time behind bars could add to what already appears to be a tremendous amount of respect for the law.

**D. Afford adequate deterrence and protect the public from further crimes of the defendant.**

Mr. Bowling's crime is that he possessed unregistered firearms. He no longer possesses even lawful firearms or ammunition. The Court will undoubtedly impose conditions on Mr. Bowling that will ensure he does not possess firearms in the future. He will likely be subjected to regular visits from U.S. Probation and Parole. And as a felon, he will be unable to purchase firearms. This is more than sufficient deterrence to future unlawful activity.

**E. Conclusion.**

Mr. Bowling has committed a crime, but he should not be defined as a criminal. Rather, he should be defined as a hardworking father and husband. He had a gun hobby that went too far. But, he immediately confessed his sins to the government, and then went right back to what he does best: working on the Toyota car lot to provide for his family. That is what the Court can and should expect from Mr. Bowling going forward. For these reasons, and others that will be addressed at sentencing, putting Mr. Bowling in prison for any amount of time would be excessive. A sentence of probation will sufficiently achieve every one of the purposes set forth in 18 U.S.C. § 3553(a)(2).

This September 2, 2020.

KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY 42101
Phone: (270) 782-8160
Facsimile: (270) 782-5856
Email: kbumgarner@kerricklaw.com

*/s/ Kyle G. Bumgarner*
Kyle G. Bumgarner
*Counsel for Defendant, Christopher Bowling*

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 2, 2020, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                                       */s/ Kyle G. Bumgarner*
                                                       Kyle G. Bumgarner
                                                       *Counsel for Defendant, Christopher Bowling*